Board of Supervisors of Leflore County *v.* Whittington.

[80 South. 8, Division A.]

Taxation. *School lands.. Lease holds.*

Under the Code of 1906, section 4289 (Hemingway's Code, section 6923) providing that leased school lands shall be taxed as other lands during the continuance of the lease, a lessee of such land must pay taxes upon the full value as a leasehold, notwithstanding the Constitution of 1890, section 112, requires property to be taxed in proportion to its value.

Appeal from the circuit court of Leflora county.
Hon. H. H. Elmore, Judge.

Proceeding by W. M. Whittington against the Board of Supervisors of Leflora County, to review an assessment. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gardner, McBee & Gardner,* for appellant.

The question involved in this case is the construction of section 4289 of the Mississippi Code of 1906, which provides as follows: "School Lands Taxable When Leased:—All school lands known as the sixteenth section, ·reserved for the use of schools, or lands reserved or granted in lieu of or as substitute for the sixteenth sections, shall be liable, after the same shall have been leased, to be taxed as other lands are taxed during the continuance of the lease; but in case of sale thereof for taxes, only the title of the lessee or his assignee shall pass by the sale." It is the contention of the appellant that the language: "to be taxed as other lands are taxed during the continuance of the lease" means that sixteenth ·sections shall be taxed "as other lands are taxed."

Had it been the intention of the legislature to tax only the unexpired lease, then, we take it, the legislature would have so provided, or, in· other words, the legislature instead of providing that sixteenth sections shall be taxed "as other lands," would have provided that the unexpired lease on said sixteenth sections should be taxed by a gradual rate of assessment to be lessened as each year expired on the lease.

We can well understand why the legislature would not undertake in taxing sixteenth sections, to tax the unexpired lease, because the last few years of the lease would practically be of no value for the purpose of taxation, whereas the income from the sixteenth section would be just as great, in fact, possibly better, than in the beginning. The last year of the lease would practically amount to nothing for the purpose of taxation, if the theory of plaintiff is correct.

This court will notice that this section does not undertake to tax an "interest" in the land, which, of course, is the lease, but undertakes and does provide for the taxation of the land "as other lands are taxed."

We, therefore, say that this section of the Code, in dealing with the taxation of sixteenth sections does not undertake to tax any interest which the lessee may have in the land, but undertakes to tax the thing itself, which is the land, and which is taxed "as other lands are taxed."

It may be of some benefit to take the definition of the word "taxed."

By reference to Vol. 4, 2nd Edition, Words & Phrases, page 859, it is held: "The words 'assessed' and 'taxed' in Sess. Laws 1903, chapter 731, sec. 29, were used interchangeably by the legislature, and were intended to express the same meaning." *State ex rel. Fleming,* 97 N. W. 1063, 70 Neb. 529.

Evidently the legislature, in section 4289, intended to use the word "taxed" interchangeably with the word "assessed." In other words, the legislature, in providing for the taxation of sixteenth sections as other lands are taxed, intended to say that those lands should be assessed as other lands are assessed; that is to say, with reference to the value of the land, and not the interest of the owner of the land. We do not recall finding anywhere where any interest in the land is assessed under our law, but, the land itself is assessed for its actual value, according to its producing power, its potential wealth.

To the same effect—*Adams* v. *Snow,* 21 N. W. 765, 65 Iowa, 435, where it is held: "If lands are listed and assessed to a person named, and the assessment is returned to the auditor, they are to be regarded as taxed," etc. In other words, to tax land is to assess land, and to assess land is: "To adjust or fix the proportion of a tax which each person, or several liable to it, has to pay; to proportion a tax among several; to distribute taxation in a proportion founded on the proportion of burden and benefit." 120 Calif. 322; Black's Law Dict., page 94.

We, therefore, say that the legislature provided in section 4289 that school lands, when leased, shall be taxed as other lands, meant exactly what it said, and used the language necessary to convey the idea that school lands are to be taxed just as other lands, without reference to any lease, or interest that the owner of the lands may have in them.

The argument will doubtless be made that when this school land is sold for non-payment of taxes, that under this section only the title of the lessee is passed by the sale. This does not militate against our position in the least, because the tax title, of course, could only convey the title of the owner of the lease; in other words, the purchaser would acquire the unexpired lease.

We also wish to submit that the owner of the lease does not have to pay future taxes, and that it is no hardship on him so far as future taxes are concerned to require the land to be assessed as other lands are assessed, as it may be that he will dispose of his unexpired lease which he has a perfect right to do, and which carries with it no obligation to see that future taxes are paid.

We respectfully submit that, under this section of the Code, appellee's unexpired lease on these school lands are liable to be taxed or assessed, just as other lands are taxed or assessed, without reference to when his lease may expire.

*Whittington & Osborne,* for appellee.

Learned counsel for the appellant have misconstrued the meaning of section 4289 of the Mississippi Code of 1906. This section provides that sixteenth sections school lands, after the same shall have been leased, shall be liable to be taxed as other lands are taxed during the continuance of the lease. It further provides that in case of a sale thereof for taxes, only the title of the lessee or his assigns shall pass by the same. This

statute, when construed in the light of section 112 of
the Constitution, means that the leasehold interest
only is liable for assessment.

How are other lands assessed? Lands and property
in this connection may be regarded as synonymous
terms. All property must be assessed in proportion to
its value and in accordance with its true value. What
property does the appellee own on which the state can
ask him to pay taxes? To ask the question is to
answer it. If the appellee is called upon to pay on the
full or fee simple value of his land, he would be paying
taxes upon property which he did not own. It is a
citizen's property that is assessed, and under our
Constitution, it cannot be assessed at more than its
true value.

Counsel for appellant admit that the value of the
lease for the last few years would be practically noth-
ing. This admission is a convincing argument in favor
of the contention that only the leasehold interest of
the appellee is liable to be taxed.

A citation of authorities, defining the meaning of the
words "assessed" and "taxed" is wholly unnecessary,
for undoubtedly in the statute involved, they are used
interchangeably. When property is sold for taxes, the
title to that property is ordinarily vested in the pur-
chaser. There is one exception to this rule. Learned
counsel for the appellant have pointed out this ex-
ception, for they realize that this exception destroys
their theory and their argument utterly. The statute
provides that only the interest of the lessee can pass
under the tax sale. Yet if the theory of the appellant
is correct, the full value of the section would be liable
to taxation, while only the leasehold interest could be
sold. In other words, the appellant argues that the
property could be assessed for taxes, but in default
of payment could not be sold.

We submit that the argument of the learned counsel
for the appellant is as far wide of the mark as was

their argument in the court below, that this case came within the case of *Cudahy Pkg. Co.* v. *Stovall,* 112 Miss. 106, 72 So. 870. In the court below the learned counsel for the appellant called attention to that provision of section 112 of the Constitution, which provides for a special mode of valuation and assessment for railroads, or for particular species of property of persons, corporations, or assciations not situated wholly in one county. They actually argued that sixteenth sections were not situated wholly in one county. Their reasoning, evidently, is that inasmuch as there are sixteenth sections in every county, therefore school lands are within the provisions just referred to. The same might be said of other lands or other species of property. Taxation on all property except that within the exceptions and except banks as provided by another section of the Constitution, must be equal and uniform. In the Cudahy case, the court was dealing with our freight-line statute, and with species of property not wholly situated in one county. In the *Magnolia Bank case,* 111 Miss. 857, 72 So. 697, the court was dealing with the assessment of banks, and the assessment of this species of property is made under the provisions of section 112 and section 181 of our Constitution construed together. It must be kept in mind however, that these excepted species of property, in the language of the Constitution and of the court, cannot be assessed for more than their true value. The facts in this last case showed that the property of the bank was not assessed for more than its true value, yet if the theory of the appellant is correct, the appellee could be assessed with more than the true value of his property, for they contend that he ought to be assessed with the fee simple value, which is largely in excess of the leasehold value of this land.

There was a time when sixteenth school sections were not liable for taxation in Mississippi after they had

been leased. Section 4289 of the Mississippi Code of 1906 appeared in chapter 3, section 5, article 20 of the Code of 1857. Before this statute appeared for the first time in Mississippi Codes, it had been in force for something like ten years before the Code of 1857. In other words, before the passage of the statute, authorizing the taxing of school lands, they were not taxed at all in Mississippi.

In the case of *Street* v. *Columbus,* 75 Miss. 822, the lessees actually contended that their leasehold interest was not liable for taxes, Our court held, however, that leaseholds of persons in sixteenth sections are subject to taxation. If our court had entertained any idea that the full value of fee simple value of the land was liable for taxation, it would certainly have so indicated in the Street case. This case means that only 5 leasehold interests can be assessed.

The history and development of the title to sixteenth section lands in Mississippi is interesting, but it is only necessary to say here that the title to these lands is in the state for the benefit of the inhabitants of the township for school purposes.

We have in Mississippi what is known as the "general property tax." We have no classified property tax, generally speaking. The only approach to a classified property tax in Mississippi is the exceptions above mentioned under sections 112 and 181 of the Constitution. The court will take judicial notice of the fact that the legislature of 1918 submitted to the people for ratification or rejection an amendment to section 112 of the Constitution, providing for a classified property tax. Under the Constitution of 1890, as decided by the court in the cases of *Adams* v. *Bank,* 75 Miss., 701, and in 78 Miss. 532, and as decided in the cases of *Adams* v. *Kuykendall,* 83 Miss. 571, 35 So. 830, there can be no general classified property tax in Mississippi.

We submit that a reasonable construction of this section as indicated in the Street case, and even without

this case, is that the legislature intended only to tax a leaseholder's interest in the land. But if the legislature, as appellant contends, intended to tax the sixteenth section lands as if they were owned in fee, then we respectfully submit that section 4289 would be unconstitutional under section 112 of the Constitution, which provides that property shall be assessed according to its true value. It is the duty of the court to uphold the constitutionality of the section in question, if it can; and we submit that the construction for which we contend is the only construction that will enable the court to uphold the constitutionality of this section. If the interest of the lessee is assessed at more than its true value, then the appellee's property consisting of his leasehold interest would be assessed at more than its true value and taxes would not be equal and uniform. In Mississippi all classes of property under section 112 of the Constitution must be assessed equally and uniformly and under general laws, except in the case of railroads, but they cannot be assessed for more than their true value in any event.

We respectfully submit that until section 112 of the Constitution has been changed, the legislature has no authority to assess leases of sixteen section lands at more than the true value of the leasehold interest. The judgment of the court below was correct and should be affirmed.

Sykes, J., delivered the opinion of the court.

Appellee owns an unexpired lease on three hundred and fifty acres of cleared land in a sixteenth, or school, section in Leflore county. This land was assessed by the board of supervisors at forty dollars an acre, to which appellee duly filed objections, which were overruled, and an appeal prosecuted to the circuit court. In that court there is an agreement of counsel that the actual value of the lease of appellee, which has about

thirty years more to run, is twenty-five dallars an acre; that the actual value of the land is fifty dollars an acre; that, if the court is of the opinion that appellee can only be assessed with the value of the leaseholder's interest in the land, then the assessment shall be reduced to twenty-five dollars an acre, but that, if appellee is assessable with the actual value of the land in fee, the assessment of the board of supervisors shall be raised from forty dollars to fifty dollars an acre. The lower court held that only the value of the leaseholder's interest in the land was assessable, and reduced the assessment to twenty-five dollars an acre. From this judgment this appeal is prosecuted.

A decision of this case involves the construction of section 4289, Code of 1906 (section 6923, Hemingway's Code). This section reads as follows:

"All school lands known as the sixteenth sections, reserved for the use of schools, or lands reserved or granted in lieu of or as a substitute for the sixteenth sections, shall be liable, after the same shall have been leased, to be taxed as other lands are taxed during the continuance of the lease; but in case of sale thereof for taxes, only the title of the lessee or his assignee shall pass by the sale."

It is the contention of the appellee that only the leaseholder's interest in the land is subject to taxation; that this is manifest from a reading of the section itself, which provides in the last part that in case of sale for taxes only the title of the lessee or the assignee shall pass by the sale; that this statute, when construed with section 112 of the Constitution, can only mean that the leasehold interest is liable for taxation. Section 112 of the Constitution provides that:

"Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value."

This section of the Code provides that, after these school lands have been leased, they shall be liable to be

taxed as other lands are taxed during the continuance of the lease. Under section 112 of the Constitution, other lands are taxed in proportion to their value as lands. There is nothing in the above section making any special interest in these school lands taxable, but when the lands are leased it makes the lands themselves taxable according to their value as lands. The legislature evidently considered the leasehold interest as val-. uable as the fee in the lands, and in plain and unambiguous language provided that these lands are taxed as other lands are taxed. It did not provide for a tax of the interest of the lessee, but for a tax on the lands valued as lands. The precise question here presented has never before been presented to this court for adjudication. In the case of *Street* v. *Columbus,* 75 Miss. 822, 23 So. 773, there was no distinction made between the value of the lease and the value of the fee, and that point was not before the court for adjudication. Our legislature has made no provision for taxing special or separate estates in land.

"In a majority of the states the rule prescribed by the statutes is that lands and other real estate shall be assessed as such, irrespective of the separate estates that individuals may have in them. Under such a practice, he who, for the time being, enjoys the possession of the real estate and the tenancy of the profits may be charged with the tax." 1 Cooley on Taxation, (3 Ed.) p. 739.

By this section the legislature meant for the lessee, who enjoys the possession of the land, to pay taxes during the continuance of the lease upon the land according to its value as land.

The judgment of the lower court is reversed, and judgment entered here in accordance with this opinion.

*Reversed.*